**499 Fashion Tower LLC v Rodco, Inc.**

2025 NY Slip Op 30187(U)

January 16, 2025

Supreme Court, New York County

Docket Number: Index No. 159119/2021

Judge: Paul A. Goetz

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    <u>HON. PAUL A. GOETZ</u>                    PART                47

                                        *Justice*

-----------------------------------------------------------------------------X

499 FASHION TOWER LLC,

                              Plaintiff,

                              - v -

RODCO, INC.A/K/A RODCO, INC./NEW YORK CITY KIDS,
RODNEY COHEN

                              Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 159119/2021 |
| MOTION DATE | 02/16/2023, 04/05/2024 |
| MOTION SEQ. NO. | 003 004 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 92, 93, 94, 96, 99, 100

were read on this motion to/for          <u>SUMMARY JUDGMENT(AFTER JOINDER</u>          .

The following e-filed documents, listed by NYSCEF document number (Motion 004) 105, 106, 107, 108, 109, 110

were read on this motion to/for          <u>RENEW/REARGUE/RESETTLE/RECONSIDER</u>    .

In this commercial landlord-tenant action arising from unpaid rent under a lease and guaranty agreement, plaintiff-landlord 499 Fashion Tower LLC (499 Fashion) moves for summary judgment on liability and for a money judgment as against defendant Rodney Cohen (the guarantor) for the amounts allegedly due pursuant to the guaranty agreement entered into by plaintiff and the guarantor;[1] and defendants cross-move for summary judgment dismissing the action as against the guarantor[2] (MS #3). Plaintiff also moves to renew its motion for summary judgment as against the guarantor in light of a First Department decision relating to the enforceability of NYC Admin Code § 22-1005 (the guaranty law) (MS #4).

---

[1] As detailed *infra*, plaintiff also moved to amend its complaint and for summary judgment as against defendant Rodco Inc. (the tenant), but those portions of the motion have since been resolved.

[2] As detailed *infra*, defendants also cross-moved for partial summary judgment declaring the purported late fees null and void, but the issue of late fees has since been resolved.

**159119/2021   499 FASHION TOWER LLC vs. RODCO, INC.A/K/A RODCO, INC./NEW YORK CITY KIDS ET AL**
**Motion No.  003 004**

**Page 1 of 4**

1 of 4

## BACKGROUND

By decision and order dated June 15, 2022, plaintiff's motion for summary judgment on its claims for unpaid rent due under the lease and guaranty was granted and plaintiff was awarded a judgment in the amount of $479,055.91 (NYSCEF Doc No 37). On July 15, 2022, the plaintiff was also awarded legal fees in the amount of $15,000 (NYSCEF Doc No 51). By decision and order dated November 28, 2022, defendants' motion to renew and reargue was granted, "as it appear[ed] that the court overlooked the inclusion of the allegedly improper late fees and attorneys' fees charges in the ledger and the judgment against the guarantor may be barred in full by" the guaranty law, and therefore the June 15, 2022 and July 15, 2022 orders were vacated (NYSCEF Doc No 63).

On June 30, 2023, plaintiff's motion for summary judgment (MS #3) was granted "on its [] causes of action for unpaid rent and attorneys' fees as against defendant [Rodco] in the amount of $1,112,863.06" but the part of plaintiff's motion as against the guarantor and that part of defendants' cross-motion were held in abeyance pending the resolution of the issue of the guaranty law's constitutionality (NYSCEF Doc No 92). On October 27, 2023, the stay was lifted to allow the parties to participate in the litigation addressing the guaranty law's constitutionality in *513 West 26th Rlty., LLC v George Billis Galleries, Inc.*, Index No 160266/2020 (NYSCEF Doc No 99). On January 26, 2024, the case was stayed "solely to the extent that any claim or defense relie[d] on" the guaranty law. Plaintiff later filed a motion to renew the motion based on the First Department's ruling in *3 East 54th New York LLC v Ioannis Chatiris*, 255 AD3d 413 [1st Dept 2024], which related to the enforceability of the guaranty law (MS #4).

Since the guaranty law has since been declared to violate Art. I, § 10 of the United States Constitution (*513 W. 26th Realty, LLC v George Billis Galleries, Inc.*, 2024 NY Slip Op

**159119/2021   499 FASHION TOWER LLC vs. RODCO, INC.A/K/A RODCO, INC./NEW YORK CITY KIDS ET AL**
**Motion No.  003 004**

Page 2 of 4

[* 2]

34531[U] [SC NY Co, Dec. 30, 2024]), the outstanding portions of plaintiff's motion and the guarantor's cross-motion—i.e., whether and to what extent the guarantor is otherwise liable pursuant to the guaranty—will now be determined.

## DISCUSSION

Plaintiff argues that it is entitled to summary judgment as against the guarantor as a matter of law because the tenant defaulted under the terms of the lease by failing to pay rent and additional rent, and the guaranty agreement entered into by plaintiff and the guarantor provided that the guarantor would guaranty "the payment of rent and additional rent . . . for the entire period in which Tenant has occupied or possessed and continues to occupy or remain in possession of the demised premises up to and including the date upon which Tenant vacates possession of the demised premises" (NYSCEF Doc No 14). The guarantor argues that this language demonstrates that he cannot be held liable after the date of Rodco's vacatur on July 20, 2022 (*id.* ["Guarantor shall not be liable for any rent, additional rent, any damages, or any other charges for any period of time beyond the date upon which Tenant unconditionally surrenders and vacates the demised premises to Owner"]).[3] "Plaintiff does not dispute that Rodco vacated the subject Premises on or about July 20, 2022" (NYSCEF Doc No 88) and in reply, clarifies that it only seeks to hold the guarantor "liable for all unpaid rent and additional rent owed by Tenant through the date Tenant vacated the Premises (i.e., July 2022)" (NYSCEF Doc No 89). Accordingly, plaintiff's motion for summary judgment as to the guarantor's liability for rent and additional rent due up through July 20, 2022 will be granted, and defendants' cross-motion will

---

[3] This is the guarantor's only remaining argument now that plaintiff's claims are not barred by the guaranty law.

**159119/2021   499 FASHION TOWER LLC vs. RODCO, INC.A/K/A RODCO, INC./NEW YORK CITY KIDS ET AL**
**Motion No.  003 004**

Page 3 of 4

be denied (MS #3). However, it is unclear what amount the guarantor is liable for, and therefore a money judgment cannot be awarded on the papers submitted.[4]

Additionally, in light of this court's more recent decision and order in *513 W. 26th Realty LLC*, 2024 NY Slip Op 34531[U], declaring the guaranty law unconstitutional, plaintiff's motion to renew its motion for summary judgment as against the guarantor based on *3 East 54th New York LLC* (MS #4) will be denied as moot.

## CONCLUSION

Based on the foregoing, it is

ORDERED that plaintiff's motion (MS #3) is granted to the extent that defendant Rodney Cohen is liable for rent and additional rent due under the lease and guaranty up through July 20, 2022; and it is further

ORDERED that defendants' cross-motion (MS #3) is denied; and it is further

ORDERED that an inquest on damages will be held after the filing of the note of issue; and it is further

ORDERED that plaintiff's motion to renew (MS #4) is denied.

20250116174920PGOETZB...4DB181C475292E02F420C9594F8

**1/16/2025**
DATE

**PAUL A. GOETZ, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

---

[4] It is noted that at the time plaintiff filed the motion, the guaranty law was enforceable, and therefore plaintiff did not seek to hold the guarantor liable during the guaranty law's statutory period.

**159119/2021    499 FASHION TOWER LLC vs. RODCO, INC.A/K/A RODCO, INC./NEW YORK CITY          Page 4 of 4
KIDS ET AL
Motion No.  003 004**